```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DELAVAU, LLC, | |
| Plaintiff, | Civil No. 15-1183 (NLH/AMD) |
| v. | OPINION |
| CORBION NV and CARAVAN INGREDIENTS, INC., | |
| Defendants. | |

**APPEARANCES**:

DOUGLAS R. WEIDER
JONATHAN D. BALL
RICHARD C. PETTUS
GREENBERG TRAURIG, LLP
500 CAMPUS DRIVE
SUITE 400
PO BOX 677
FLORHAM PARK, NJ 07932-0677
    On behalf of plaintiff

ARNOLD B. CALMANN
JAKOB BENJAMIN HALPERN
SAIBER LLC
ONE GATEWAY CENTER
10TH FLOOR
NEWARK, NJ 07102-5311

SCOTT R. BROWN
TODD A. GANGEL
HOVEY WILLIAMS LLP
10801 MASTIN BLVD., SUITE 1000
84 CORPORATE WOODS
OVERLAND PARK, KANSAS 66210
    On behalf of defendants

**HILLMAN**, District Judge

   Presently before the Court is defendants' motion to dismiss

plaintiff's claims of direct and indirect infringement of its

patent concerning the calcium fortification of bread dough. For the reasons expressed below, defendants' motion will be denied.

## BACKGROUND

In its complaint, plaintiff, Delavau, LLC, states that it is a leading developer and manufacturer of nutritional enhancement technology for the baking industry. Among plaintiff's patented innovations are calcium-fortified leavened breads and calcium blends for making such breads. Plaintiff is the owner of United States Patent No. 7,595,075 ("the '075 Patent"), titled "CALCIUM FORTIFICATION OF BREAD DOUGH," and it is currently in full force and effect. The '075 Patent claims, among other things, breads fortified with calcium carbonate at specified levels, including at the "good source" or "excellent source" levels of calcium, and methods of making them. These patented calcium-fortified bread products have been made, used, promoted and sold by plaintiff's customers using plaintiff's proprietary calcium blends at stores and fast food restaurants throughout the United States. Plaintiff engaged in extensive efforts to develop its patented calcium-fortified breads and calcium additives used to make them.

Plaintiff contends that defendants, Corbion NV and its subsidiary Caravan Ingredients, Inc., have infringed its patent. Plaintiff alleges that defendants manufacture, sell, and market

2

calcium blends and other products that contain calcium carbonate for use by the food and baking industries to fortify breads with calcium at the "good source," "excellent source," or higher levels, including at least defendants' Nutrivan® line of products, and bread bases to make calcium-fortified white bread, rolls, and hearth bread (collectively, "Calcium Blend Products").  Plaintiff claims that defendants have profited through their direct infringement of the '075 Patent by their sale and manufacture of calcium-fortified breads, and through their indirect infringement by encouraging, instructing, and causing others, including manufacturers in the baking industry, to infringe the '075 Patent.

Plaintiff claims that defendants' actions constitute direct and indirect infringement under 35 U.S.C. § 271(a), (b) and (g). Plaintiff asks that this Court declare that defendants have directly and indirectly infringed the '075 Patent, enjoin defendants from further acts of infringement, deem defendants' actions to be "exceptional" within the meaning of 35 U.S.C. § 285, and award plaintiff damages, attorneys' fees and costs.

Defendants have moved to dismiss plaintiff's patent infringement claims against them pursuant to Federal Civil Procedure Rule 12(b)(6), arguing that plaintiff's complaint and the exhibits attached to its complaint demonstrate on their face that defendants have not and cannot infringe the '075 Patent.

3

Plaintiff has opposed defendants' motion.

## DISCUSSION

**A.   Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon

4

which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.;

5

see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C. Analysis**

In their motion to dismiss, defendants argue that plaintiff has failed to state a claim for direct patent infringement because its factual allegations are contradicted by its exhibits.  Defendants also argue that plaintiff has failed to state a claim for indirect patent infringement because it has not alleged an underlying act of direct infringement.

For their first argument, defendants contend that in order to directly infringe the '075 Patent, defendants must either make, use, sell, offer to sell, or import calcium-fortified bread, or practice a method of fortifying dough with calcium from calcium carbonate.  Defendants argue that plaintiff's complaint and the attached exhibits show that the products made and sold by defendants are "Calcium Blend Products" rather than actual breads or doughs.  Because defendants are not in the bread-making business, and they do not actually make breads or practice a dough-making method, all of which information is contained in plaintiff's complaint, defendants argue that plaintiff's patent infringement claims must be dismissed for lack of any valid infringement claim.

7

In response to defendants' argument, plaintiff points out that defendants do not contend that plaintiff's complaint violates the "short and plain statement" requirement of Federal Civil Procedure Rule 8, or that the facts in its complaint, when accepted as true, do not demonstrate a "plausible claim for relief." Plaintiff argues that defendants instead contend that plaintiff's direct infringement claims should be dismissed because the exhibits attached to the Complaint demonstrate that defendants have not infringed the '075 Patent. Plaintiff argues that the substantive question of infringement is an issue for another day that is not appropriately decided during the resolution of a motion to dismiss. Plaintiff further argues that defendants' position also fails on its merits. Plaintiff argues that despite defendants' contention that they cannot directly infringe the patent because they are not in the bread-making business, the exhibits strongly suggest that defendants have made and used bread.

When considering a motion to dismiss, the Court must ask whether plaintiff is entitled to offer evidence to support its claim, and not whether plaintiff will ultimately prevail. Defendants argue that the exhibits to the complaint show that they have not and cannot directly infringe plaintiff's patent because in order for plaintiff to prove direct infringement plaintiff must show, at a minimum, that defendants make bread,

8

and defendants do not make bread.  In contrast, plaintiff argues that the exhibits to the complaint show that defendants have made and used bread and therefore they have, and continue to, directly infringe plaintiff's patent.  If defendants' interpretation of the exhibits to plaintiff's complaint is correct, plaintiff may not ultimately prevail on its direct infringement claim.  The Court, however, cannot credit defendants' interpretation of the exhibits over plaintiff's conflicting interpretation at this motion to dismiss stage.[1]

---

[1] Nothing in the Federal Rules precludes a defendant from filing a motion for summary judgment, supported by the defendant's own evidence, prior to the filing of an answer.  <u>See</u> Fed. R. Civ. P. 56(b); <u>see also</u> Fed. R. Civ. P. 41(a)(1)(A)(i).  When deciding a motion for summary judgment, the Court is not constrained, as it is now, to consider only facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  It is important to note, however, that even if defendants had styled their motion as one for summary judgment, defendants' argument that it has not and cannot directly infringe the '075 Patent, without more, would be insufficient garner judgment in their favor.  For example, defendants contend that plaintiff's complaint and the attached exhibits do not state that defendants actually make breads or practice a dough-making method.  Defendants, however, do not affirmatively state themselves that they do not make bread or practice a dough-making method.  Moreover, even if it were to become undisputed that defendants do not make bread or practice a dough-making method, it is unclear if the analysis of plaintiff's infringement claims depends on that fact.  In other words, can defendants infringe the '075 Patent even if they do not make bread or practice a dough-making method by, for example, copying the '075 Patent up until the premixed blend is prepared into dough and placed in an oven?  Defendants have essentially asked this Court, through the procedural device of a motion to dismiss, to declare that (1) defendants do not make bread or practice a dough-making method; and (2) that fact completely precludes any direct or indirect infringement claims by

Consequently, plaintiff's direct infringement claim may proceed.

The Court similarly rejects defendants' argument that plaintiff has failed to state a claim for indirect infringement. Defendants argue that in order to maintain a viable indirect infringement claim, plaintiff must plead that defendants have actually induced a third party to infringe the patent, and plaintiff has only pleaded that defendants' customers' products "will be made" with infringing characteristics. Defendants also argue that plaintiff's allegations as to the identity of the third party they have allegedly induced to infringe are too vague. Plaintiff disputes that its complaint does not allege actual inducement, and it argues that it provides sufficient specificity as to the third party infringer. Plaintiff also argues that prospective indirect infringement is actionable.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). In order to establish inducement, the patentee must show "direct infringement, and that the alleged infringer 'knowingly induced infringement and possessed specific intent to encourage another's infringement.'" <u>Otsuka Pharm. Co. v. Torrent Pharm.</u>

---

plaintiff. But because plaintiff has satisfied the Rule 8 and <u>Twombly/Iqbal</u> pleading standard, the proper course for defendants is to respond to plaintiff's allegations in an answer, a motion to dismiss on the pleadings, or, given the substance of defendants' motion, most likely through a summary judgment motion supported by evidence.

Ltd., Inc., 99 F. Supp. 3d 461, 477 (D.N.J. 2015) (quoting i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 851 (Fed. Cir. 2010)). Claims for indirect infringement must also contain factual allegations that are "'sufficient to allow an inference that at least one direct infringer exists.'" Richmond v. Lumisol Elec. Ltd., 2014 WL 1405159, at *3 (D.N.J. Apr. 10, 2014) (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336, 1339 (Fed. Cir. 2012) (quoting DSU Med. Corp. v. JMC Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

Stated several times in various ways throughout the complaint, plaintiff alleges:

> Defendants have profited . . . through their indirect infringement by encouraging, instructing, and causing others, including manufacturers in the baking industry, to infringe the '075 Patent. (Compl. ¶ 14)
>
> To date, Defendants have also not provided a good faith basis for believing that they do not directly or indirectly infringe the '075 Patent, and particularly a good faith basis for believing that their actions, or the actions they encourage and instruct their customers to take and the resulting products, do not infringe.  On information and belief, the requested datasheets and ingredients lists referenced in Exhibits G and H to this Complaint are made available to and relied upon by customers, because Defendants instruct customers to follow Defendants' formula on the datasheets to make bread that will contain an excellent source level of calcium. (Compl. ¶ 20)
>
> [D]espite Defendants' actual knowledge of the '075 Patent, Defendants have willfully maintained their infringing activities, with the specific intent and for the sole and exclusive purpose that their customers would use the Calcium Blend Products to manufacture, import, use, sell,

11

and/or offer for sale of breads fortified with calcium at the good source, excellent source, or higher levels, thereby directly infringing the '075 Patent. (Compl. ¶ 23)

Taken together, these allegations maintain that defendants have knowingly induced their customers, including manufacturers in the baking industry, to infringe the '075 Patent when they have used defendants' infringing products.  Plaintiff's claims are sufficient to state a claim for indirect infringement.

With regard to claims of prospective inducement, plaintiff's complaint contains an allegation that refers to possible future conduct by defendants:

[B]reads made by Defendants and/or by Defendants' customers using Defendants' Calcium Blend Products as directed, instructed, and encouraged by Defendants, including white breads and rolls, will be made with the same types of flour and will have the same pH, particle sizes, and substantially identical taste, texture, volume, and crumb structure as called for in the claims of the '075 Patent. Delavau has tried to obtain information to confirm all of these considerations, but has been unable to do so through public sources, and thus has sought it from Defendants. (Compl. ¶ 17)

Defendants argue that an allegation of induced infringement that has not yet occurred is not viable.  The Court disagrees. The Supreme Court has reaffirmed, "[O]ur case law leaves no doubt that inducement liability may arise if, but only if, [there is] . . . direct infringement." Limelight Networks, Inc. v. Akamai Techs., Inc., 134 S. Ct. 2111, 2117 (2014) (citation omitted).  This statement does not mean, however, that

a patentee cannot maintain a claim that an alleged infringer's actions, if not stopped, will result in a third party being induced to also infringe.  Even though an alleged infringer "cannot be liable for inducing infringement that never came to pass," id. at 2118, a plaintiff may assert an indirect patent-infringement-by-inducement claim in its patent infringement complaint even if infringement by a third party has not yet occurred.  Nevertheless, the Court finds that in addition to its claims regarding prospective indirect infringement, plaintiff has asserted allegations regarding induced infringement that has already occurred, and therefore plaintiff's indirect infringement claim may stand.

## CONCLUSION

For the reasons expressed above, defendants' motion to dismiss plaintiff's direct and indirect patent infringement claims must be denied.  An appropriate Order will be entered.


Date:   June 15, 2016              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.